IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION
No. 7:14-CV-58-D

| | | |
|---|---|---|
| SIOUAN INDIANS OF LUMBER RIVER RED BANKS AREA, | ) ) ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | **ORDER** |
| NORTH CAROLINA COMMISSIONER OF INDIAN AFFAIRS, | ) ) ) ) ) | |
| Defendant. | ) | |

On April 1, 2014, Siouan Indians of Lumber River Red Banks Area filed a pro se complaint [D.E. 1] and a motion to seal [D.E. 2]. Plaintiff has not met its burden for sealing the complaint. See, e.g., Stone v. Univ. of Md. Med. Sys. Corp., 855 F.2d 178, 180–81 (4th Cir . 1988); Rushford v. New Yorker Magazine, Inc., 846 F.2d 249, 253 (4th Cir. 1988); In re Knight Publ'g Co., 743 F.2d 231, 235 (4th Cir. 1984). Thus, the motion to seal [D.E. 2] is DENIED. The motion to appoint counsel [D.E. 5] also is DENIED. No right to counsel exists in civil cases absent "exceptional circumstances." Whisenant v. Yuam, 739 F.2d 160, 163 (4th Cir. 1984), abrogated in part on other grounds by Mallard v. U.S. Dist. Court, 490 U.S. 296 (1989); see Cook v. Bounds, 518 F.2d 779, 780 (4th Cir. 1975). The existence of exceptional circumstances "hinges on [the] characteristics of the claim and the litigant." Whisenant, 739 F.2d at 163. The facts of this case do not present exceptional circumstances. Nonetheless, the clerk shall notify the attorneys on the pro bono panel of this lawsuit and the request for counsel.

SO ORDERED. This 9 day of April 2014.

                                              JAMES C. DEVER III
                                              Chief United States District Judge